IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Mast, #338517; Thomas Caron, #370853; William Taylor, #306746; Shawn Pearson, #200290; Byron Pou, #350729; Isaac Bradley, #315370; Tony Middleton, #3666657; Jeffery Bethea, #340959; Samuel Taylor, #366299; Julius Manigault, #362635; James Hailey, #363373; M. Williams, #357023; J. Perry, #357361; and L. Thomas, #339893,<br><br>Plaintiffs,<br><br>vs.<br><br>Ridgeland Correctional Institution, et al.,<br><br>Defendant. | C/A No.: 1:17-2038-MBS-SVH<br><br><br><br><br>ORDER |

This complaint is filed by fifteen pro se inmates incarcerated at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). Plaintiffs filed the within complaint concerning "the living conditions of the cells at Ridgeland Correctional, inside of RH which is considered the lock up unit." [ECF No. 1]. Plaintiffs seek to file a class action lawsuit pursuant to 42 U.S.C. § 1983.

The United States Court of Appeals for the Fourth Circuit has held that pro se prisoners cannot bring a class action lawsuit. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *see also Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (holding that a pro se prisoner's suit is "confined to redress

1

for violation of his own personal rights and not one by him as a knight-errant for all prisoners").

While this Circuit has not ruled on the issue of whether multiple prisoner plaintiffs are allowed to join under Rule 20 of the Federal Rules of Civil Procedure, or the issue of fee payment in a case filed by multiple prisoners, the United States Court of Appeals for the Eleventh Circuit addressed these issues in *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001), and found that prisoners may not join in one action. The *Hubbard* court reasoned that, because the plain language of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires each prisoner proceeding in forma pauperis to pay the full filing fee, it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. *Hubbard*, 262 F.3d at 1198. Even in light of more flexible holdings in other circuits regarding permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137–38 (6th Cir. 1997), courts in this district have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action. *See Williams v. Jones*, C/A No. 9:14-787-RMG-BM, 2014 WL 2155251, at *10 (D.S.C. May 22, 2014) (adopting report and recommendation collecting cases which find *Hubbard* persuasive); *McFadden v. Fuller*, C/A No. 2:13-2290-JMC, 2013 WL 6182365, at *2 (D.S.C. Nov. 22, 2013) (agreeing with the magistrate judge's conclusion that multiple prisoner plaintiffs "should not be allowed to proceed under one joint action"); *see also Carroll v. United States*, C/A No. 5:14-2167-JMC, 2015 WL 854927, at *9–10 (D.S.C.

2

Feb. 27, 2015) (denying joinder of seventy pro se prisoners as co-plaintiffs and noting that the "court has discretion to disallow joinder when it is infeasible or prejudicial").

In addition to the requirement that "indigent prisoners filing lawsuits be held responsible for the full amount of filing fees," *Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010) (citing 28 U.S.C. § 1915(b)), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016); the PLRA also requires each prisoner to exhaust his or her administrative remedies prior to filing a civil lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the Plaintiffs." *Williams*, 2014 WL 2155251 at *11. Thus, each Plaintiff's claim "will require individualized determinations." *Id.*; *see also McFadden*, 2013 WL 6182365 at *1 (noting that "each Plaintiff would need to meet the exhaustion requirement of the PLRA and might be entitled to differing amounts of damages").

Accordingly, the court concludes that the claims of the fifteen Plaintiffs in the instant action should be separated for initial review.

TO THE CLERK OF COURT:

The captioned case shall pertain only to the first named Plaintiff, Randy Mast, #338517. Therefore, the Clerk of Court is directed to terminate Thomas Caron, #370853; William Taylor, #306746; Shawn Pearson, #200290; Byron Pou, #350729; Isaac Bradley, #315370; Tony Middleton, #3666657; Jeffery Bethea, #340959; Samuel Taylor, #366299; Julius Manigault, #362635; James Hailey, #363373; M. Williams, #357023; J.

Perry, #357361; and L. Thomas, #339893, as plaintiffs in the above-referenced case. The Clerk of Court is further directed to assign separate civil action numbers to the plaintiffs terminated in this case. The Clerk of Court shall file this order as the initial docket entry in the newly created cases, and shall re-file the Complaint [ECF No. 1] in the newly created actions. The defendants in the newly created case will be the same defendants listed in the above-captioned case. The Clerk of Court is authorized to determine the most efficient way and time for assigning and entering the new case number, party information, and pleading information on the court's electronic case management system.

After the new cases are docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Order issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial reviews in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

IT IS SO ORDERED.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 18, 2017